## KALMANSON v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 3, 1922.)

1. **Criminal law ⌬1181—Defendant's motion in Circuit Court of Appeals to have cause remitted to District Court may be denied, if motion to be made in District Court is frivolous or without warrant of law.**

   Where defendant, who has brought error in the Circuit Court of Appeals to review conviction in the District Court, moves for an order remitting the cause, together with the writ of error, to the District Court for the purpose of vesting jurisdiction to hear a motion to vacate the judgment of conviction, the Circuit Court of Appeals will ordinarily grant the motion, but may consider the nature and merits of the motion proposed to be made in the District Court, and where such motion is frivolous, or without warrant of law, may deny the request to have the cause remitted.

2. **Jury ⌬76—Petit jurors not drawn for any particular term.**

   Petit jurors are not drawn for any particular term, and are required to serve two weeks, or longer, if called on very prolonged litigation, from the time when called, irrespective of the beginning or end of a term.

3. **Courts ⌬68—Trial commenced during one term may be lawfully concluded, without reference to beginning of succeeding term.**

   Under Judicial Code, § 8 (Comp. St. § 975), providing for the extension or continuance of a term at which a trial is begun, a trial begun during one term could be lawfully concluded after the time specified as the commencement of the succeeding term, under section 97 (section 1084).

In Error to the District Court of the United States for the Southern District of New York.

Benjamin Kalmanson was convicted of a crime, and he brings error. On defendant's motion for an order remitting the cause, together with a writ of error and all other papers on file, for the purpose of vesting jurisdiction in the District Court to hear and determine a motion to vacate the judgment of conviction. Motion denied.

Lesser & Lesser, of New York City, for the motion.

James S. Johnson, Asst. U. S. Atty., of New York City.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

PER CURIAM. The motion is supported by the written request of the District Court that the cause be returned for the purpose above indicated, but without expressing any opinion as to the propriety or merits of said motion.

[1] It is ordinary practice to comply with a request of this kind; it usually tends to economy of time and effort. But by such request this court is not debarred from considering the nature and the merits of the motion proposed to be made in the lower court. It does not tend to economy of time or labor to remit a cause for the purpose of having any motion heard, if such motion, when clearly stated to us, is frivolous or without warrant of law.

The nature of Kalmanson's motion is plainly set forth in the moving papers. The 6th of February, 1922, was a Monday, and the next day (February 7th) was the first Tuesday in February, and therefore (Judicial Code, § 97 [Comp. St. § 1084]) the first day of the February

---

⌬For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

term. For February 6th a panel of jurors was summoned to serve in that part or session of the District Court devoted to the trial of criminal causes, and on the same Monday, February 6th, Kalmanson was arraigned and trial begun before a petit jury drawn from the above referred to panel. He was convicted on February 7th, and sentenced February 14th, whereupon he took the writ now pending. He now avers that the panel of petit jurors called for February 6th must have been summoned for the February term, wherefore they were not lawful jurors when impaneled on Monday, February 6th, and all the proceedings resulting in conviction and sentence are null.

We regard this motion as frivolous for two reasons, either of which is conclusive:

[2] First, there is no statutory provision requiring petit jurors to be drawn for any particular term; it is and long has been common practice to call jurors every two weeks, at least on the criminal side, for, inasmuch as the sessions of that part are almost continuous, it has been too much to ask of the citizens to serve for more than a fortnight at one time. Consequently the jurors called on Monday, February 6th, were available at any time, irrespective of the beginning or end of a term, although their customary service (unless called upon some very prolonged litigation) would be but a fortnight.

[3] Second, the statute above cited requires a term to be held in the District Court for the Southern District of New York beginning on the first Tuesday of every month; the working of the court is, as above set forth, substantially continuous, and Judicial Code, § 8 (Comp. St. § 975), provides in effect for the extension or continuance of that term at which a trial is begun. Therefore in point of law Kalmanson's trial was begun at the term of January, and (under the section last referred to) lawfully concluded without reference to the beginning of the term of February.

For these reasons it would in effect be idle to refer this motion to the District Court; it is too plain that it ought not to be granted.

Motion denied.